# EXHIBIT 1

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO: 01-2022-CA-001081
DIVISION K

RYAN PHILLIP SOUTHWELL and SARA
MICHELLE RICHARDSON a/k/a SARA
SOUTHWELL, his spouse,

    Plaintiffs,

vs.

ZIMMER INC.,

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**ZIMMER, INC.**
**c/o Keely F. Morton**
**1395 Panther Lane, Suite 300**
**Naples, Florida 34109**

    Each Defendant is hereby required to serve written defenses to said Complaint on Ronald S. Gilbert, Esquire, **Colling Gilbert Wright & Carter, LLC**, 801 North Orange Avenue, Suite 830, Orlando, Florida 32801, Telephone: (407) 712-7300, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint.

## REQUESTS FOR ACCOMMODATIONS
## BY PERSONS WITH DISABILITIES

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at the Alachua County Family and Civil Justice Center, 201 East University Avenue, Gainesville, Florida 32601, Telephone (352) 337-6237, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

WITNESS my hand and the seal of this Court on this the **26th** day of **April**, 2022.



J.K. "JESS" IRBY, ESQ.
Clerk of the Circuit Court

By: *Christine M Wilson*
As Deputy Clerk

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
201 E UNIVERSITY AVE
GAINESVILLE, FL  32601

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted inviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para participar en este procedimiento deberán, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, teléfono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, vía Florida Relay Service.

**IMPORTANT**

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cet 'te citation pour déposer une réponse écrite a la plainte ci-jointe auprès de ce Tribunal. Un simple coup de téléphone est insuffisant pour vous protéger' vous êtes oblige de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requérir les services immédiats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie au carbone ou une photocopie de votre réponse écrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou à son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accommodation spéciale pour participer à ces procédures doivent, dans un temps raisonnable, avant d'entreprendre aucune autre démarche, contracter l'office administrative de la Court situe au le téléphone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**COLLING GILBERT WRIGHT & CARTER, LLC**
**801 North Orange Avenue, Suite 830**
**Orlando, Florida 32801**

IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO.:

RYAN PHILLIP SOUTHWELL and SARA
MICHELLE RICHARDSON a/k/a SARA
SOUTHWELL, his spouse,

    Plaintiffs,

vs.

ZIMMER INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiffs Ryan Phillip Southwell ("Ryan") and Sara Michelle Richardson a/k/a Sara Southwell ("Sara") sue the Defendant ZIMMER, INC. ("Zimmer") and allege:

### JURISDICTION, VENUE, PARTIES

1. This is a civil action for damages in excess of thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

2. Venue is proper in Alachua County, Florida because the principal acts complained of took place in Alachua County, and Plaintiffs were injured in Alachua County.

3. Plaintiffs have performed all conditions precedent to bringing this action.

4. The undersigned attorneys have made a reasonable investigation, as permitted by the circumstances, to develop a good faith belief that grounds exist for the filing of this action against the Defendant herein.

5. Ryan and Sara are husband and wife and residents of Alachua County, Florida.

6. Dr. Gregory Sherr was a physician practicing in Alachua County, Florida, who held

himself out to be a specialist in the field of neurosurgery. Dr. Sherr performed neurosurgery on Ryan utilizing a cervical cage manufactured and distributed by the Defendant, Zimmer.

7. Zimmer is a foreign for-profit corporation licensed to do business in Florida. Zimmer designs, develops, tests, markets, sells, and distributes medical products and devices, including the ROI-C® Cervical Cage with self-locking VerteBRIDGE®, in the State of Florida and Alachua County (collectively, the "Products").

## ALLEGATIONS COMMON TO ALL COUNTS

8. On September 17, 2016, Ryan was twenty-nine years old. He experienced pain radiating down his left arm and shoulder and presented himself for treatment in the emergency room of the Lake City Medical Center ("LCMC"). A CT scan of the neck revealed a herniated disc and foraminal stenosis at C6-7 on the left. LCMC's emergency room physician referred Ryan to Dr. Sherr, to be seen at North Florida Regional Medical Center (hereinafter NFRMC).

9. On September 20, 2016, Ryan saw Dr. Sherr with complaints of left finger numbness, possible herniated cervical disc, and left triceps weakness. An MRI was recommended by Dr. Sherr, but Ryan was allowed to return to work without restrictions and started on a trial of Neurontin. At that time, there was no evidence of spinal cord injury. Dr. Sherr did suggest the possibility of elective anterior cervical discectomy and fusion at C6-7 if the MRI suggested significant nerve root compression

10. On September 26, 2016, a cervical MRI was obtained and demonstrated C6-7 disc protrusion with mild central stenosis.

11. Based on Dr. Sherr's recommendation, Ryan was admitted to NFRMC for a C6-7 anterior cervical discectomy and fusion. Dr. Sherr elected to use the Products in operating on Ryan. The Products were provided by a representative of Zimmer, who also participated in the subject surgery.

12. In a brief operative note dated November 30, 2016, Dr. Sherr describes how he was implanting and placing the Products into the disc space when the construct collapsed posteriorly into the spinal cord. The wings were then drilled out and the Products were removed. The Products were abandoned by Dr. Sherr intraoperatively and he used different hardware designed and distributed by a different manufacturer.

13. Ryan was taken to the post-anesthesia care unit, where his bilateral lower extremities were noted to have abnormal reflexes consistent with a spinal cord injury.

14. On December 8, 2016, Dr. Sherr prepared a discharge note in which he asserted that the foregoing events were the result of "intraoperative catastrophic hardware failure, such that the internal graft slid forward and compressed the spinal cord".

15. On December 8, 2016, Ryan was transferred to the Shepherd Center in Atlanta, Georgia, where he remained until January 24, 2017, and was discharged with a diagnosis of C7 incomplete quadriplegia, due to an intraoperative spinal cord injury. Ryan's quadriplegia is permanent. He has limited mobility and will require a lifetime of treatment and therapy. Ryan and Sara have not only suffered economic losses, but also non-economic pain and suffering. Those damages will continue to accrue in the future.

**COUNT I- STRICT LIABILITY AGAINST ZIMMER**

Plaintiffs reallege paragraphs one (1) through fifteen (15) above as if fully stated herein.

16. Zimmer designed, tested, manufactured, inspected, marketed, and sold the Products, including all of their component parts, labels, manuals, and instructions, for use by physicians and hospitals in treating members of the general public

17. The Products are unreasonably dangerous due to their design because (a) they fail to perform as safely as an ordinary consumer of the Products would expect when used as intended or when used in a manner reasonably foreseeable to Zimmer; or (b) the risk of danger in the design

of the Products outweighs the benefits of their design. More specifically, the Products as designed pose a substantial risk of collapse or migration and damage to a patient's spinal cord. As a result, the products are defective by reason of a design defect.

18. At the time of Ryan's surgery, the Products were being used for the purpose for which they were intended, in the manner in which Zimmer intended them to be used, and without material change in condition from the time in which they were manufactured and distributed by Zimmer. A Representative of Zimmer attended Ryan's surgery to ensure that the Products were used as intended by Zimmer.

19. Neither Dr. Sherr, NFRMC or Ryan knew and had no reason to suspect or know that the Products, any component parts, or the instructions for use and labeling instructions were defective and unsafe for use.

20. As a direct and proximate result of the Products' defects in design, Ryan has been permanently injured, including bodily injury, and resulting pain and suffering, disability, inconvenience, mental anguish in the past and future, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing expenses in the past and future, rehabilitative care and treatment expenses in the past and future, and loss of earnings in the past and future. Those damages will continue to accrue in the future.

**WHEREFORE**, Plaintiffs demand judgment against Zimmer for damages in excess of $30,000.00, together with costs as allowed by law, and such other relief as the Court deems appropriate. Plaintiffs also demand trial by jury.

**COUNT II- NEGLIGENCE AGAINST ZIMMER**

Plaintiffs reallege paragraphs one (1) through fifteen (15) and sixteen (16) through twenty (20) above as if fully stated herein.

21. Zimmer had a duty to properly design, manufacture, test, inspect, package, label,

distribute, and market the Products so as to avoid a substantial risk of spinal cord injury when used as intended by Zimmer. Zimmer breached this duty because the Products, as manufactured and marketed by Zimmer, pose a substantial risk of collapse or migration and damage to a patient's spinal cord.

22. Zimmer had a duty to warn users of the Products of the foregoing risks but failed to adequately warn Dr. Sherr or Ryan of those risks.

23. Use of the Products requires significant surgical skill and experience, facts well known to Zimmer. Because use of the Products poses a risk of serious injury to patients, Zimmer recognizes and understands the Products should not be used unless a spine surgeon is sufficiently experienced, with specific training in the use of the Products, and has knowledge of Zimmer's Instructions For Use ("IFU") of the Products. Zimmer recognizes and understands that before using the Products, a spine surgeon must thoroughly understand all aspects of the procedures for use of the Products, and their limitations. Indeed, the requisite experience, knowledge, training and instruction in the use of the Products, as understood and recognized by Zimmer, is essential to successful use of the Products. Zimmer confirmed and repeated these facts in securing approval from the U.S. Food & Drug Administration to market and sell the Products.

24. Zimmer had a duty to ensure that users of the Products were sufficiently experienced, trained and informed of Zimmer's Instructions For Use of the Products before performing spine surgery with the Products.

25. Alternatively, Zimmer undertook a duty to ensure that users of the Products were sufficiently experienced, trained and informed of Zimmer's Instructions For Use of the Products before performing spine surgery with the Products.

26. In addition to confirming and repeating the facts described in paragraph 25 to federal regulators, Zimmer tracked, monitored, and logged the experience of spine surgeons in the

training and use of the Products. Zimmer knew or reasonably should have known Dr. Sherr did not have the requisite knowledge, training, or experience in the use of the Products or their Instructions For Use before performing spine surgery on Ryan.

27. Moreover, agents or employees of Zimmer, acting within the course and scope of their agency or employment, directly solicited and marketed the Products to Dr. Sherr for use on a patient, despite knowing or having reason to know Dr. Sherr did not have the requisite knowledge, training, or experience in the use of the Products or their Instructions For Use before performing spine surgery on Ryan. Zimmer's agents or employees went so far as to have Dr. Sherr "trolling" for a patient as a candidate so that Dr. Sherr could have an opportunity to use the Products, despite his lack of suitable knowledge, training or experience in the Products or their instructions.

28. Zimmer breached the foregoing duties it owed to Ryan, or otherwise undertook, in encouraging and soliciting Dr. Sherr to use the Products and selling the Products for Dr. Sherr's use, despite knowing or having reason to know his lack of suitable knowledge, training or experience in the Products or their instructions.

29. Zimmer's breach of the duties owed to Ryan, or otherwise undertook, was negligent.

30. As a direct and proximate result of Zimmer's negligence, Ryan has been permanently injured, including bodily injury, and resulting pain and suffering, disability, inconvenience, mental anguish in the past and future, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing expenses in the past and future, rehabilitative care, and treatment expenses in the past and future, and loss of earnings in the past and future. Those damages will continue to accrue in the future.

## COUNT III CONSORTIUM CLAIM OF SARA

Plaintiffs reallege paragraphs one (1) through fifteen (15); sixteen (16) through twenty (20) and twenty-one (21) through thirty (30) above as if fully stated herein.

31. As Ryan's spouse, Sara has suffered, and is entitled to recover damages, for the loss of Ryan's support, services, comfort, society, and attentions in the past and in the future.

**WHEREFORE**, Plaintiffs demand judgment against Zimmer for damages in excess of $30,000.00, together with costs as allowed by law, and such other relief as the Court deems appropriate. Plaintiffs also demand trial by jury

**Respectfully** submitted this **8th** day of April 2022.

/s/ *Ronald S. Gilbert*
**Ronald S. Gilbert, Esquire**
Florida Bar Number: 375421
**Nathan P. Carter, Esquire**
Florida Bar Number: 0083641
Colling Gilbert Wright & Carter, LLC
801 N. Orange Ave., Suite 830,
Orlando, FL 32801
Tele:   (407) 712-7300
E-mail: certificateofservice@thefloridafirm.com
rgilbert@thefloridafirm.com
ncarter@thefloridafirm.com
mgomez@thefloridafirm.com

**Mark E. GiaQuinta, Esquire (*Pro Hac Vice*)**
Indiana Bar No.: 7119-02
Haller & Colvin
444 E. Main St.
Fort Wayne, IN 46802
Telephone:   (260) 426-0444
E-mail: mgiaquinta@hallercolvin.com
*Attorneys for Plaintiffs*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>EIGHTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ALACHUA</u>   COUNTY, FLORIDA

<u>Ryan P Southwell, Sara M Richardson</u>
Plaintiff                                                                                   Case # _____
                                                                            Judge  _____

vs.
<u>Zimmer, Inc.</u>
 Defendant

    **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

    **III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☐ no
☒ yes If "yes," list all related cases by name, case number, and court.
CASE NO.: 2018-CA-004252; Southwell vs. NFRMC et al.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Nathaniel Carter                    Fla. Bar # 83641
           Attorney or party                                (Bar # if attorney)

Nathaniel Patrick Carter                          04/08/2022
  (type or print name)                              Date

IN THE EIGHTH JUDICIAL CIRCUIT OF FLORIDA

**STANDING CASE MANAGEMENT ORDER**

[AOSC20-23]

**THIS ACTION** is before the court for case management pursuant to AOSC20-23 (Amendment 10). Therefore, it is **ADJUDGED** that:

1. This case is provisionally designated as a general civil case.

2. **TRIAL DATE**: The projected date for a non-jury trial shall be the first regular trial term taking place one year after the date of filing. The projected date for a jury trial shall be the first regular trial term taking place eighteen months after the date of filing. A firm trial date will be established by the presiding judge when the case is at issue. Trial term dates for each civil division are published on the Eighth Judicial Circuit Court website at https://circuit8.org/court-calendars/master-calendars/. In county court cases, any case redesignated by the trial court as a streamlined case, in cases where the parties request it, or in any other case the trial court deems it appropriate, the trial date may be adjusted to take place sooner. Judges shall apply a firm continuance policy allowing continuances only for good cause shown.

3. **SERVICE**: Unless otherwise extended by court order for good cause shown, service of complaints should be completed within 120 days of filing. Requests for the addition of new parties shall be filed within 180 days of filing.

4. **DISCOVERY:** Fact and expert discovery shall be completed 60 days prior to the trial date set forth above.

5. **PRETRIAL MOTIONS**: Objections to pleadings and pretrial motions shall be resolved a minimum of 30 days prior to the trial date set forth above. Prior to filing ANY motion, counsel

filing the motion shall confer with opposing counsel by telephone or in person in a good faith attempt to resolve the motion. The motion shall contain a good faith statement reflecting the date and time of the conference with opposing counsel. A statement that counsel attempted to confer with opposing counsel is insufficient unless the good faith statement details the date and time of at least three attempts to confer that occurred within the one-month period immediately prior to the filing of the motion.

6. **MEDIATION**: The parties shall conclude mediation at least 90 days prior to the trial date set forth above.

7. Deadlines established herein shall be strictly enforced. "Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case." This order may be modified at such time that the case is determined to be at issue. Fla. R. Civ. P. 1.440.

**ORDERED** in Alachua County, Florida, on April 23, 2021.

_____
Mark W. Moseley, Chief Judge
on behalf of all presiding Eighth Circuit civil judges

I HEREBY CERTIFY that I have read and will comply with the foregoing standing order and shall cause it to be filed and served, contemporaneously with the complaint, on all named defendants.

| /s/ Ronald S. Gilbert, Esq. | 04/08/200 |
|---|---|
| Plaintiff or Plaintiff's Counsel | Date |